**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| FARMERS INSURANCE EXCHANGE, ) <br> TRUCK INSURANCE EXCHANGE, FIRE ) <br> INSURANCE EXCHANGE, MID- ) <br> CENTURY INSURANCE COMPANY, ) <br> FARMERS NEW WORLD LIFE ) <br> INSURANCE COMPANY, AND FARMERS ) <br> INSURANCE COMPANY, INC., ) <br> ) <br>     Plaintiffs, ) <br> ) <br>     v. ) <br> ) <br> BILLY H. WEBB, MICHAEL V. WEBB, ) <br> and E & W ENTERPRISES, L.L.C., d/b/a ) <br> WEBB INSURANCE AGENCY, ) <br> ) <br>     Defendants. ) <br> ) | Case No. 4:06-CV-01712-CDP |

**PLAINTIFFS' MOTION TO COMPEL AND FOR SANCTIONS AND MEMORANDUM
IN SUPPORT**

Pursuant to Federal Rules of Civil Procedure 26, 37 and 45, and Local Rules 37-3.04 and 7-4.01, and this Court's March 5, 2007, Scheduling Order, Plaintiffs Farmers Insurance Exchange, et al. move this Court for an order compelling third parties B.O.O., L.L.C. d/b/a Midwest Agency and Midwest Agency Financial Services, L.L.C. to provide, without objection, complete responses to Plaintiffs' Subpoenas *Duces Tecum* served on April 10, 2007 and April 16, 2007, respectively. In support of this Motion, Plaintiffs state as follows:

    1)    On April 10, 2007, Plaintiffs served, via a registered process server, its Subpoena *Duces Tecum* on B.O.O., L.L.C.[1] *See* Exh A. Responsive documents were to be produced on April 26, 2007.

---

[1] In compliance with Federal Rule of Civil Procedure 45, Plaintiffs served a Notice of Intent to Serve the Subpoena on the Defendants on March 9, 2007. Defendants did not object to the service of the Subpoena.

2)      On April 16, 2007, Plaintiffs served, via a registered process server, its Subpoena *Duces Tecum* on Midwest Agency Financial Services, L.L.C.[2]  *See* Exh B. Responsive documents were to be produced on April 26, 2007.

3)      On April 26, 2007, counsel for both B.O.O., L.L.C. and  Midwest Agency Financial Services, L.L.C. ("third parties' counsel") and Plaintiffs' counsel conferred by telephone and Plaintiffs' counsel agreed that responses and documents to both subpoenas were due on May 11, 2007.

4)      No responses or responsive documents were forthcoming on May 11, 2007. Plaintiffs' counsel, Jennifer Webb, made repeated phone calls to third parties' counsel, Michael Waxenberg, which calls went unreturned.

5)      On May 15, May 29, and May 31, Plaintiffs' counsel sent third parties' counsel letters regarding the outstanding subpoenas and responsive documents.  *See* Letters attached as Exh. C.

6)      Finally, on May 31, undersigned counsel was finally able to reach third parties' counsel, Michael Waxenberg, by telephone, at which time, third parties' counsel stated that he would respond to the subpoenas and provide responsive documents on Monday, June 4. Undersigned counsel informed third parties' counsel during that telephone conversation that if no responses were forthcoming on June 4, Plaintiffs would be forced to file a Motion to Compel and seek the Court's assistance in procuring responsive documents.

7)      On June 4, Plaintiffs' counsel sent third parties' counsel an email attempting to confirm that the third parties would be complying with the subpoenas on that day.  *See* June 4 Email, attached as Exh. D.  Third parties' counsel responded by email on June 5, stating that he would not be able to comply with the subpoenas until "I estimate, Thursday" June 7.  Plaintiffs' counsel responded on June 5, stating that if third parties' counsel did not respond to the

---

[2]     In compliance with Federal Rule of Civil Procedure 45, Plaintiffs served a Notice of Intent to Serve the Subpoena on the Defendants on April 2, 2007.  Defendants did not object to the service of the Subpoena.

subpoenas by Thursday June 7, Plaintiffs would file a motion to compel and seek sanctions. *See* June 5 Email Exchange, attached as Exh. E.

8) On Thursday June 7, Plaintiffs' counsel sent an email to third parties' counsel asking him to confirm that he would be responding to the subpoenas on that day. *See* Exh. F. As of the filing of this Motion, third parties' counsel has not responded to the June 5 or 7 emails, nor to the June 8 phone call from Plaintiffs' counsel.

9) Pursuant to Local Rule 37-3.04, undersigned counsel states that, as detailed above, she has conferred by telephone with third parties' counsel in good faith, and has made additional reasonable efforts to confer further, but after a sincere effort to resolve this dispute, has been unable to do so.

10) Both B.O.O., L.L.C. and Midwest Agency Financial Services, L.L.C. have completely failed to respond to the subpoenas.

11) Because of the complete failure to respond to the subpoenas by B.O.O., L.L.C. and Midwest Agency Financial Services, L.L.C., any objections that B.O.O., L.L.C. and Midwest Agency Financial Services, L.L.C. might have raised have been waived.

12) Pursuant to Fed. R. Civ. P. 45, this Court can enter an order compelling B.O.O., L.L.C. and Midwest Agency Financial Services, L.L.C. to fully respond to Plaintiffs' subpoenas, as well as impose sanctions as a penalty for their abuse of the discovery process and their lack of cooperation with Plaintiffs' counsel. *E.g.*, *Bulkmatic Transport Co., Inc. v. Pappas*, 2001 WL 504839, at *3 (S.D.N.Y. May 11, 2001).

13) The imposition of sanctions is warranted here. B.O.O., L.L.C. and Midwest Agency Financial Services, L.L.C. have not only completely ignored the May 11 deadline for complying with the Subpoenas, but they have ignored every later-agreed deadline that Plaintiffs' counsel – in the spirit of cooperation and reluctance to bring this very motion – has granted. Both B.O.O., L.L.C. and Midwest Agency Financial Services, L.L.C. and their counsel appear totally unconcerned by their obligations set forth in the subpoenas and the Federal Rules of Civil

Procedure.  Plaintiffs are entitled to the costs and expenses, including attorneys' fees, associated with preparing and filing this Motion to Compel and Memorandum of Law in Support thereof.

14) For the reasons set forth above, Plaintiffs respectfully request the entry of an Order:  (a) compelling B.O.O., L.L.C. and Midwest Agency Financial Services, L.L.C. to serve responses and all responsive documents to Plaintiffs' subpoenas immediately and (b) awarding Plaintiffs their costs and expenses, including attorneys' fees, incurred in preparing this Motion and Memorandum in Support thereof.

Respectfully submitted,

*/s/ Jennifer C. Webb*
J. Randall Coffey (E.D. Mo. #532050)
Jennifer C. Webb (KS #19855, *pro hac vice*)
FISHER & PHILLIPS LLP
The Stilwell Building, Suite 400
104 West Ninth Street
Kansas City, Missouri 64105
TEL: (816) 842-8770
FAX: (816) 842-8767
E-MAIL:  rcoffey@laborlawyers.com
            jwebb@laborlawyers.com
ATTORNEYS FOR PLAINTIFFS

### Certificate of Service

The undersigned certifies that a copy of the foregoing was served via CM/ECF on Mr. John L. Walker, Roberts, Perryman, Bomkamp & Meives, PC, One US Bank Plaza, Suite 2300, St. Louis, Missouri 63101, 314-421-1850 (fax), attorneys for Defendants, and via facsimile and United States mail, first class and postage prepaid, to Michael Waxenberg, Esq., 8390 Delmar Boulevard, Suite 218, St. Louis, MO 63124, 314-872-7017 (fax), attorney for B.O.O., L.L.C. and Midwest Agency Financial Services, L.L.C. on this 8th day of June, 2007.

*/s/ Jennifer C. Webb*
Attorney for Plaintiffs